BURTON *v.* BRADEN.

ERROR to the *Decatur* Circuit Court.

STUART, J.—Bill in chancery charging usury, running through a series of contracts and condensed into an outstanding note of 67 dollars and 53 cents, given by *Burton* to *Braden,* and which the bill prays may be enjoined. Also general prayer for relief.

The answer admits that *Braden* and *Burton* had transacted the business in the manner alleged in the bill. From the admissions in the answer (for there are no depositions) we find by computation that if *Braden* be allowed legal interest on his money, there is yet due to him 19 dollars. On the other hand, if *Braden* is only entitled to recover the principal, as counsel insist, then he is overpaid considerably. The only question is, which rule shall prevail.

In settling this question we are not aided by counsel—for *Burton's* cites no authorities, and *Braden's* files no brief. It is such cases that delay the business of the Supreme Court.

On the authority of *Muir* v. *Clark,* 7 Blackf. 423, and *Muir* v. *Pousler et al.,* 2 Ind. R. 643, *Braden* is entitled to legal interest on the loan. *Burton* not having brought himself within the rule laid down in these cases, the decree below must stand.

*Per Curiam.*—The decree is affirmed with costs.

*J. S. Scobey,* for the plaintiff.

*J. Robinson,* for the defendant.